Susan M. EAKIN, Petitioner,

v.

RAILROAD RETIREMENT BOARD, Respondent.

No. 13795.

United States Court of Appeals Seventh Circuit.

Dec. 5, 1962.

Susan M. Eakin, Chicago, Ill., petitioner, pro se.

Myles F. Gibbons, Gen. Counsel, Chicago, Ill., David B. Schreiber, Assoc. Gen. Counsel, Railroad Retirement Bd. (Charles F. McLaughlin, Railroad Retirement Bd., Chicago, Ill., of counsel), for respondent.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Susan Margaret Eakin, petitioner, seeks a review of a decision of the Railroad Retirement Board, respondent, which sustained its Appeals Council, in holding that she is not entitled to any benefits under the Railroad Retirement Act, 45 U.S.C.A. §§ 228a–228z, on account of the death, on October 11, 1959, of her divorced husband, Ennos I. Eakin, herein sometimes referred to as "Eakin".

The relevant facts are not in dispute.

Eakin, who was completely insured under said act, was domiciled in Illinois. His marriage to petitioner on March 17, 1915 ended on June 28, 1951 when a decree for divorce was entered in the Circuit Court of Cook County, Illinois.

On August 22, 1938, Eakin duly designated petitioner as his wife to receive the lump sum benefit payable under the act on the death of an employee.

In 1946 the lump sum benefit then payable under the act on the death of an employee was eliminated by amendments thereto. The respondent contends that the amendments also eliminated the insured's right to designate a beneficiary.

Two sons and a daughter were born of the aforesaid marriage and, on January 10, 1958, Eakin filed a designation of beneficiary wherein he named said children to receive the lump sum benefit payable under § 5(f)(2) of the act, 45 U.S.C.A. § 228e(f)(2), which subsection was added to the act by amendments in 1948 (62 Stat. 576, 577).

The Board paid the lump sum benefit under § 5(f)(1) of the act, 45 U.S.C.A. § 228e(f)(1), to a son who paid the funeral expenses, and the benefit under § 5(f)(2) was paid to the three children as designees equally.[1]

The Board made the following findings of fact, *inter alia*:

4. The employee did not designate appellant [petitioner] as beneficiary to receive any benefits that might be payable under the Railroad Retirement Act upon his death.

5. At no time since the employee died has appellant had "in her care" a child of the employee who would have been entitled to "child's insurance benefits" under the Social Security Act if the employee's service after 1936 were "employment" under the Social Security Act.

In this court petitioner appeared without counsel and in a written "Review" she said, among other things:

"The economic hardship it puts on the petitioner, being over 66 yrs. of age and no other income except $42.00 own Social Security and in all fairness to a mother & wife, petitioner beseeches the court to reverse the decision of Railroad Retirement Board."

On oral argument petitioner asked us to consider a copy of the agreement between her and Eakin which preceded the entry of the divorce decree in 1951. Counsel for respondent having expressed no objection to this unusual course of the proceeding, we have considered the same. In part it recites as follows:

" *  *  * SUSAN will retain ENOS' insurance policies upon the entry of decree for divorce.   ENOS

agrees that he will not, during his lifetime, change the beneficiary on any life insurance policy or union death benefit payable to ENOS now in existence or which will be renewed; and it is further understood and agreed that SUSAN is presently the beneficiary on such policy or policies or union death benefits;  *  *  * "

■ Because of the circumstances in this proceeding, we have to an unusual extent explored the possibilities of relief for petitioner.   However, we are forced to the conclusion that, regardless of the most favorable interpretation which may be placed upon the above-quoted language from the pre-divorce settlement agreement, no power rests in this court to set aside the decision of the Board, in view of the facts that it is based upon substantial evidence in the record, and the benefits provided by the act, as amended in 1946 and 1948, were payable to his children to the exclusion of petitioner, who was no longer his wife.

■ The contention of petitioner that she was entitled to relief on the ground that she qualified as a mother, was properly disposed of by finding 5 of the Board. While she was the mother of Eakins' three children, the evidence showed they all are more than 18 years of age and none is under a disability which began before he attained that age and is such as to have rendered him unable to engage in any substantial activity.   Furthermore, only under the Social Security Act would child's insurance benefits be payable.   There is no similar provision in the Railroad Retirement Act.

For all of these reasons we affirm the decision of the Board.

Decision affirmed.

1. The same individuals would have been awarded this benefit under section 5(f) (2), as children, had there been no designation of beneficiaries.